FILED IN CHAMBERS
U.S.D.C. - Rome

FEB 21 2013

JAMES N. HATTEN, Clerk
            Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| J. KILBY, | |
| Plaintiff, | CIVIL ACTION |
| v. | NO. 1:12-CV-0966-RLV |
| ANDREW EDLIN, et al., | |
| Defendants. | |

O R D E R

In an order dated January 28, 2013, this court granted the plaintiff's motion to dismiss, wherein the plaintiff sought the dismissal of a group of defendants collectively referred to as the City of Atlanta defendants.  In that same order, the court dismissed all federal claims against all defendants.  Not realizing that only state law claims remained against non-diverse parties, the court failed to dismiss the pendent claims against the non-diverse parties in its January 28, 2013 order.

The remaining defendants are Andrew Edlin, who was the plaintiff's former landlord, and the attorney of the plaintiff's former landlord John Grimes.  There are only state law claims currently pending against these two defendants who are alleged to be Georgia citizens.

This matter comes before the court on a motion for sanctions filed by defendant Edlin [Doc. No. 117], a motion for sanctions filed by defendant Grimes [Doc. No. 119], a motion for sanctions against the plaintiff and against the plaintiff's former counsel filed by defendant Grimes [Doc. No. 124], and the court's own *sua sponte* review of the docket.

In the motion for sanctions filed by defendant Grimes and in the motion for sanctions filed by defendant Edlin, these two defendants ask this court to dismiss the plaintiff's complaint with prejudice and to sanction the plaintiff for her failure to cooperate in the discovery process. Relying upon Rule 37 of the Federal Rules of Civil Procedure, defendant Grimes and defendant Edlin state that the plaintiff failed to attend several duly-noticed depositions and that dismissal of the plaintiff's case with prejudice is appropriate here.

In her *pro se* response, the plaintiff states that she was unable to attend the depositions in question because she had a medical condition which prevented her from testifying. Additionally, the plaintiff states that she had a conflict with her attorney and that this conflict resulted in her attorney withdrawing from this case. Moreover, the plaintiff states that she did not attend one of the duly-noticed depositions because her

2

former attorney filed a motion to withdraw on the eve of one of the depositions in question.

Because the court cannot conclude that the plaintiff willfully and maliciously failed to attend her depositions, the court concludes that the dismissal of this suit with prejudice is not appropriate. In reaching this conclusion, the court notes that the plaintiff and her former attorney had a falling-out in December which may have contributed to the plaintiff's failure to attend her depositions in December 2012. Moreover, the court cannot conclude that the plaintiff should be sanctioned in any other way for her failure to attend the duly-noticed depositions pursuant to Rule 37(d)(3) of the Federal Rules of Civil Procedure. As the plaintiff stated and which the court credits, the dispute between the plaintiff and her attorney which led to the plaintiff's attorney withdrawing from this case explains the plaintiff's failure to sit for the depositions in question.

Next, the court turns to the motion for Rule 11 sanctions filed by defendant Grimes. In this motion, defendant Grimes asks the court to impose Rule 11 sanctions against the plaintiff and her former attorney because the plaintiff's complaint lacks evidentiary and legal support. In response, the plaintiff argues that defendant Grimes filed his current motion for sanctions under Rule

3

11 in an attempt to pressure her to dismiss defendant Grimes as a party. In her response, the plaintiff also states that her allegations against defendant Grimes state viable causes of action.

Moreover, the plaintiff's former attorney filed a response to defendant Grimes' motion for Rule 11 sanctions on February 11, 2013. In the plaintiff's former attorney's February 11, 2013 response, the plaintiff's former attorney states that the plaintiff's claims against defendant Grimes possess both evidentiary and legal support. Relying upon <u>Worldwide Primates, Inc. v. McGreal</u>, 87 F.3d 1252, 1254 (11th Cir. 1996), the plaintiff's former attorney states that Rule 11 sanctions are only appropriate "(1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and when the party files a pleading in bad faith for an improper purpose."

In this case, the court concludes that Rule 11 sanctions against the plaintiff and her former attorney are not warranted because there exists a factual and legal basis for the claims brought against defendant Grimes. While this court is not reaching the merits of plaintiff's allegations against defendant Grimes, the

4

court cannot conclude that the plaintiff's suit against defendant Grimes was filed in bad faith or is frivolous.

Based on the allegations contained in the complaint, defendant Grimes pressured defendant Vignola to arrest the plaintiff. If proven, these allegations potentially would establish a legal basis for the various claims brought against defendant Grimes. Moreover, the court notes that there is no evidence in the record that the plaintiff and her former counsel failed to investigate the facts or the law before suing defendant Grimes. Because the court concludes that Rule 11 sanctions are not warranted, the court DENIES defendant Grimes' request for Rule 11 sanctions.

Finally, the court turns to whether this court should entertain the plaintiff's state law claims against defendant Grimes and defendant Edlin. According to the complaint, the plaintiff, defendant Grimes, and defendant Edlin are Georgia domiciliaries. Thus, federal question and diversity jurisdiction do not exist over plaintiff's state law claims against these parties. The plaintiff's state law claims against these defendants were previously before the court as supplemental claims supported by the plaintiff's federal question claims. However, with the dismissal of the plaintiff's federal claim, there remains no independent original jurisdiction to support the court's exercise of

supplemental jurisdiction over the plaintiff's state law claims against the remaining defendants.

While the court concedes that it has the authority to hear the plaintiff's claims against defendant Grimes and defendant Edlin via supplement jurisdiction, the court declines to exercise its supplemental discretion to hear the plaintiff's state law claims. In deciding to decline exercising supplemental jurisdiction, the court notes that it previously dismissed all claims over which it had original jurisdiction. See 28 U.S.C. § 1367(c).

In Baggett v. First Nat. Bank of Gainesville, 117 F.3d 1342, 1353 (11th Cir. 1997), the Eleventh Circuit interpreted 28 U.S.C. § 1367(c) in the following manner:

> Resolution of Plaintiffs' state law claims depends on determinations of state law. State courts, not federal courts, should be the final arbiters of state law. Hardy v. Birmingham Bd. of Educ., 954 F.2d 1546, 1553 (11th Cir. 1992). When coupled with the Court's discretion to exercise supplemental jurisdiction under § 1367(c), this Court finds that the state law claims remaining in this action are best resolved by the Georgia courts. This is especially true here where the Court is dismissing Plaintiffs' federal law claim prior to trial. See United Mine Workers v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966) (dismissal of state law claims strongly encouraged when federal law claims are dismissed prior to trial); Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n. 7, 108 S.Ct. 614, 619 n. 7, 98 L.Ed.2d 720 (1988) ("When federal law claims have dropped out of the lawsuit in its early stages and only state law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case

without prejudice."); Eubanks v. Gerwen, 40 F.3d 1157 (11th Cir.1994) (remanding case to district court to dismiss plaintiff's state law claims where court had granted summary judgment on plaintiff's federal law claims). The Court finds that judicial economy, fairness, convenience, and comity dictate having these state law claims decided by the state courts.

Following the Eleventh Circuit's clear guidance in Baggett, the court declines to exercise its supplemental jurisdiction over the plaintiff's state law claims against the remaining defendants.

For the above reasons and as set forth above, the court DENIES the motions for sanctions filed by defendant Edlin and defendant Grimes [Doc. Nos. 117 and 119] as set forth in the body of this order. Furthermore, the court DENIES defendant's motion for Rule 11 sanctions filed by defendant Grimes [Doc. No. 124]. Furthermore, the court DISMISSES the plaintiff's state law claims against defendant Grimes and defendant Edlin WITHOUT PREJUDICE. Based on the dismissal of this suit, the court DENIES all other pending motions as moot.

SO ORDERED, this 21st day of February, 2013.

ROBERT L. VINING, JR.
Senior United States District Judge